UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-60726-JORDAN
CASE NO. 09-CV-60723-JORDAN

EL-AD ENCLAVE AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit corporation,

  Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation, and GENERAL STAR
INDEMNITY COMPANY, a foreign corporation,

  Defendants.
_____/

EL-AD RESIDENCES AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC., a
Florida not-for-profit corporation,

  Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation, and WESTCHESTER
SURPLUS LINES INSURANCE COMPANY,
a foreign corporation,
_____/

### EL AD ENCLAVE'S MOTION TO COMPEL DEFENDANTS TO PAY EXPERT WITNESS FEES FOR THE DEPOSITION OF ROBERT LEBLEU AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, EL-AD ENCLAVE AT MIRAMAR CONDOMINIUM ASSOCIATION, INC. ("El Ad"), by and through its undersigned attorneys and pursuant to Federal Rules of Civil Procedure 26(b)(4)(C) and 37(a), and Southern District of Florida Local Rule 7.1, respectfully submits this Motion to Compel Defendants to Pay Expert Witness Fees for the Deposition of

1

Robert LeBleu, and in support thereof states as follows:

## *BACKGROUND*

On March 30, 2010, Defendants in the above-styled cases deposed El Ad's expert witness Gerald LeBleu. El Ad previously notified Defendants on February 18, 2010, through its Supplemental Rule 26 Disclosures, that Mr. LeBleu was an expert witness. Although Mr. LeBleu was clearly designated as an expert witness for El Ad, Mt. Hawley and Westchester failed to compensate Mr. LeBleu as an expert when they deposed him on March 30, 2010. Mr. LeBleu's expert witness fee for the deposition, along with his preparation, was $1950.00. A copy of the invoice for Mr. LeBleu's deposition expert witness fee is attached as *Exhibit A.*

After his deposition, Mr. LeBleu made numerous contacts directly with Defendants' counsel regarding the payment of his deposition expert witness fee. A copy of email correspondence regarding this issue is attached as *Exhibit B*. Despite Mr. LeBleu's repeated inquiries about his expert witness fee, he has not been fully compensated by the Defendants. Correspondence from the counsel of General Star and Westchester states that the Defendants apparently agreed that Mt. Hawley was to pay 50% of Mr. LeBleu's expert witness fee, while General Star and Westchester were each responsible for 25% of his expert witness fee. A copy of email correspondence is attached as *Exhibit C*. Although General Star subsequently paid Mr. LeBleu $487.50, a copy of the invoice is attached as *Exhibit D*, both Mt. Hawley and Westchester have refused to pay their share of Mr. LeBleu's expert witness fee.

In order to resolve this issue without Court intervention, El Ad's counsel sent a good faith email on July 23, 2010 in an attempt to secure the payment of Mr. LeBleu's expert witness fees. A copy of the email is attached as *Exhibit E*. Mt. Hawley's counsel responded to El Ad's inquiry and stated that the invoices would be paid promptly if they had not been paid previously. A copy of the email is attached as *Exhibit F*. A week has now elapsed, Mr. LeBleu has still not

been paid, and Mt. Hawley's counsel has not provided any documents showing that it ever paid Mr. LeBleu.

On July 30, 2010, El Ad's counsel sent yet another email to Defendants' counsel regarding this issue. A copy of the email is attached as ***Exhibit G***. Westchester's counsel responded via email that payment for Mr. LeBleu's expert witness fee would be forthcoming in two (2) weeks.[1] A copy of the email is attached as ***Exhibit H***. At the time of this filing, Mt. Hawley's counsel did not respond to El Ad's July 30, 2010 email, nor has it paid Mr. LeBleu's expert witness fee for the deposition that Mt. Hawley conducted more than four months ago.

## *MEMORANDUM OF LAW*

The payment of a reasonable expert witness fee for attendance at a deposition is quite commonplace, Haarhuis v. Kunnan Enters., 177 F.3d 1007, 1015 (D.C.Cir. 1999); Dobson v. Matrixx Initiatives, 2007 WL 842130 (S.D.Fla. 2007); McBrian v. Barrett, 173 F.R.D. 491 (N.D.Ill. 1997), yet Mt. Hawley and Westchester have inexplicably refused to pay Mr. LeBleu's expert witness fees for the deposition that was conducted more than four months ago. Federal Rule of Civil Procedure 26(b)(4)(C) states:

> Unless manifest injustice would result, (i) **the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision**; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(Emphasis added). Mt. Hawley and Westchester both knew Mr. LeBleu was an expert in this case, and they obviously sought discovery from him by taking their depositions. A copy of the Notices of Depositions Duces Tecum is attached as ***Exhibit I***. Accordingly, it is beyond dispute

---

[1] Although El Ad believes it is unreasonable for Mr. LeBleu to wait two more weeks before he is compensated for his March 30, 2010 deposition, it will drop Westchester from the instant Motion if Mr. LeBleu actually receives payment on or before August 23, 2010.

that Mt. Hawley and Westchester are required to pay Mr. LeBleu's expert witness fee under Federal Rule of Civil Procedure 26(b)(4)(C).

El Ad filed the instant case because the Defendants failed to properly investigate, adjust and pay for all of the losses sustained by El Ad as a result of Hurricane Wilma. Unfortunately, the Defendants' failure to pay their obligations has now extended to the expert witness deposition fee Mr. LeBleu is entitled to under Rule 26(b)(4)(C). Mr. LeBleu's deposition was conducted over four months ago, and Mt. Hawley and Westchester have not provided any legitimate reason for failing to pay his expert witness fee. This case is set for trial in less than two months, and it is outrageous that El Ad must divert its attention from its ongoing trial preparation in order to secure payment for an expert's deposition that was conducted on March 30, 2010. Accordingly, El Ad respectfully requests the Court enter an order compelling Mt. Hawley and Westchester to pay their respective shares of Mr. LeBleu's expert witness deposition fee within five (5) days, and award El Ad all reasonable costs and attorneys' fees associated with filing this Motion to Compel, as discussed below.

## *REQUEST FOR SANCTIONS*

Mt. Hawley's and Westchester's failure to pay Mr. LeBleu's expert witness fee for deposition, as required by Federal Rule of Civil Procedure 26(b)(4)(C), is indefensible. Both Mr. LeBleu and El Ad's counsel have repeatedly informed Mt. Hawley and Westchester about their obligations regarding this matter, yet Mt. Hawley and Westchester have refused to compensate Mr. LeBleu as required by Rule 26(b)(4)(C). Federal Rule of Civil Procedure 37(a) inherently provides for the imposition of sanctions for a party's failure to comply with Rule 26(b)(4)(C). New York v. Solvent Chem. Co., 210 F.R.D. 462, 475-476 (W.D.N.Y. 2002). Mt. Hawley's and Westchester's failure to pay Mr. LeBleu's expert witness fee for more than four months

compelled El Ad to file this Motion, and to incur additional legal expenses. Since it is clear that Mt. Hawley and Westchester are required to pay Mr. LeBleu's expert witness fee under Rule 26(b)(4)(C), the Court should award El Ad the attorney's fees and costs incurred in making the instant Motion to Compel. Id. at 476 (awarding a party attorneys' fees incurred in making motion to compel payment of expert witness fees); Marquez v. City of Phoenix, 2010 WL 1692255, *2 (D.Ariz. 2010)(court stated that it would impose monetary judgment as a sanction for a party's failure to pay expert witness fees).

### *CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(3) AND 26.1(I)*

Counsel for Plaintiff certifies that they, and Mr. LeBleu, have repeatedly made reasonable efforts to confer with counsel for Mt. Hawley and Westchester to ensure payment of Mr. LeBleu's expert witness fee. These good faith attempts to resolve the issues raised in this Motion have failed, and any further efforts after this much time has passed would be futile.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLLC
Counsel for Plaintiff
One Clearlake Centre
250 Australian Avenue South, Suite 500
West Palm Beach, Florida 33401
(561) 653-2900; Facsimile No. (561) 820-2542
rvaluntas@RMJSlaw.com

BY:   /s/ Richard C. Valuntas
      DANIEL S. ROSENBAUM
      Florida Bar No. 306037

5

RICHARD C. VALUNTAS
Florida Bar No. 0151084
MARK G. KEEGAN
Florida Bar No. 503371
YELIZAVETA B. HERMAN
Florida Bar No. 40647

**_Service List:_**

*Counsel for Mt. Hawley.*
Thomas E. Tookey, Esq.
tetookeylaw@bellsouth.net
T.E. TOOKEY P.A
11776 W. Sample Rd., Ste 103
Coral Springs, Florida 33065-3159
(954) 344-4441; fax (954) 344-4405

*Counsel for Mt. Hawley*
Brian E. Sims, Esq.
Michael D. Prough, Esq.
William C. Morison, Esq.
Pro Hac Vice
Brian.sims@mhpdlaw.com
Michael.prough@mhpdlaw.com
wcm@mhpdlaw.com
MORISON HOLDEN DEREWETZKY &
PROUGH, LLP
1550 Parkside Drive, Third Floor
Walnut Creek, CA 94596-8068
(925) 937-9990; fax (925) 937-3272

*Counsel for Mt. Hawley*
Cortland Putbrese, Esq.
Pro Hac Vice
Cortland.putbrese@mhdplaw.com
MORISON HOLDEN DEREWETZKY &
PROUGH, LLP
600 East Main Street, Suite 2030
Richmond, VA 23219
(804) 212-1515; fax (804) 343-0913

*Counsel for General Star Indemnity Co. &
Westchester*
William S. Berk, Esq.
Wberk@berklawfirm.com
Melissa M. Sims, Esq.
msims@berklawfirm.com
Scott M. Janowitz, Esq.
sjanowitz@berklawfirm.com
BERK, MERCHANT & SIMS, PLC
2100 Ponce De Leon Blvd., Ph-1
Coral Gables, Florida 33134
(786) 338-2876; fax (786) 338-2900

2014949

6