UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 09-CV-60726-JORDAN

EL-AD ENCLAVE AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC., a
Florida not-for-profit corporation,

        Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation, and GENERAL STAR
INDEMNITY COMPANY, a foreign
corporation,

        Defendants.

_____/

### MT. HAWLEY INSURANCE COMPANY'S
### NOTICE OF DEPOSITION OF ROBERT J. LeBLEU

To Plaintiff El-Ad Residences at Miramar Condominium Association, Inc.,

Defendant Westchester Surplus Lines Insurance Company, and their attorneys of record,

PLEASE TAKE NOTICE that Defendant MT. HAWLEY INSURANCE COMPANY

will take the deposition of Robert J. LeBleu, a Florida and Texas licensed professional

independent adjustor, at Continental Reporting Service, 2455 Hollywood Boulevard,

Suite 122, Hollywood, Florida 33020 on March 30, 2010 at 10:00 a.m.  The deposition

will be taken before a videographer and certified court reporter duly authorized to

administer an oath, and will continue from day to day, Sundays and holidays excepted,

until completed.



Dated:  March 5, 2010

MORISON HOLDEN DEREWETZKY
& PROUGH, LLP

By: _____
　　　　Brian E. Sims

MORISON HOLDEN DEREWETZKY & PROUGH, LLP
William C. Morison, Esq.  (Pro Hac Vice)
william.morison@mhdplaw.com
Michael D. Prough, Esq. (Pro Hac Vice)
michael.prough@mhdplaw.com
Brian E. Sims, Esq. (Pro Hac Vice)
brian.sims@mhdplaw.com
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596
Telephone:  (925) 937-9990
Facsimile:  (925) 937-3272

T. E. Tookey, P.A.
Thomas E. Tookey, Esq. FBN 99790
tetookeylaw@bellsouth.net
11776 West Sample Road, Suite 103
Coral Springs, FL 33065
Telephone:  (954)-344-4441
Fax:  (954) 344-4405

Attorneys for Mt. Hawley Insurance Company

144353

2

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Morison Holden Derewetzky & Prough, LLP,

located at 1550 Parkside Drive, Third Floor, Walnut Creek, California  94596-8068, am

over the age of 18 years and am not a party to this matter, action or proceeding.

On March 5, 2010, I served a copy of the following document(s):

MT. HAWLEY INSURANCE COMPANY'S NOTICE
OF DEPOSITION OF ROBERT J. LeBLEU

to the person(s) at the address(es) shown below:

Daniel S. Rosenbaum, Esq.
Mark Keegan, Esq.
KATZMAN, GARFINKEL,
    ROSENBAUM, LLP
250 Australian Avenue, Suite 500
West Palm Beach, FL 33401
*Attorneys for Plaintiff*
*EL-AD Residences at Miramar*
*Condominium Association, Inc.*

William S. Berk, Esq.
Melissa M. Sims, Esq.
Scott M. Janowitz, Esq.
BERK, MERCHANT & SIMS, P.C.
2100 Ponce De Leon Blvd., PH1
Coral Gables, FL 33134
*Attorneys for Defendant*
*General Star Indemnity Company*

Thomas E. Tookey, Esq.
T.E. TOOKEY, P.A.
11776 West Sample Road, Suite 103
Coral Springs, FL 33065
*Local counsel for Defendant*
*Mt. Hawley Insurance Company*

**XX**   **BY E- MAIL**: I caused the above-referenced document(s) to be e-mailed to the party(ies) as listed on this Proof of Service. The transmission was reported as complete and no error was reported.

√**XX**  **BY FACSIMILE**: I transmitted the above-referenced document(s) via facsimile to the party(ies) as listed on this Proof of Service.

**XX**   **BY U.S. MAIL**: I placed the document(s) or caused them to be placed, addressed to the person(s) to be served at the address(es) above, for collection and processing for mailing with the United States Postal Service in Walnut Creek, California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 5, 2010, 2010 at Walnut Creek, California .

MORISON HOLDEN DEREWETZKY
& PROUGH, LLP

Brian E. Sims (admitted pro hac vice)
1550 Parkside Drive, Third Floor
Walnut Creek, California 94596
Phone: (925) 937-9990
Fax:    (925) 937-3272

1

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EL-AD ENCLAVE AT MIRAMAR CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation _____ *Plaintiff* v. MT. HAWLEY INSURANCE COMPANY, a foreign corporation, and GENERAL STAR INDEMNITY COMPANY _____ *Defendant* | ) ) ) ) ) ) ) ) ) ) |

Civil Action No.   09-CV-60726

(If the action is pending in another district, state where:

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Robert J. LeBleu, 5150 Windjammer Lane, Vero Beach, FL 32966

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  See attached Exhibit "A"

| | |
|---|---|
| Place: Continental Reporting Service, 2455 Hollywood Boulevard, Suite 212, Hollywood, FL 33020 | Date and Time: March 30, 2010, 10:00 a.m. |

The deposition will be recorded by this method: _____

[ ] *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *Mar 5, 2010*

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ *Signature of Clerk or Deputy Clerk* | _____ *Attorney's signature* Brian Sims, Esq. (admitted pro hac vice) |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Mt. Hawley Insurance Company, a foreign corporation  , who issues or requests this subpoena, are:

Brian E. Sims, Esq. (admitted pro hac vice), Morison Holden Derewetzky & Prough, LLP, 1550 Parkside Drive, Third Floor, Walnut Creek, CA 94596  T: (925) 937-9990  F: (925) 937-3272

AO-88A

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____0.00_____ .

My fees are $ _____0.00___ for travel and $ _____0.00___ for services, for a total of $ _____0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                  *Server's signature*

                                        _____
                                                  *Printed name and title*

                                        _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT "A"

DEFINITIONS

Terms in these requests are defined as follows:

1.     "EL AD ENCLAVE" shall mean plaintiff El Ad Enclave at Miramar Condominium Association, Inc. AND includes, without limitation, its officers, directors, employees, partners, attorneys (in house or outside counsel) corporate parents, subsidiaries OR affiliates.

2.     "ALL" shall mean "ANY," AND "ANY" shall mean "ALL," whenever such construction will serve to bring within the scope of these requests ANY information that would not otherwise be deemed within their scope.

3.     "AND" AND "OR" as used herein shall be construed both conjunctively AND disjunctively, AND each shall include the other whenever such construction will serve to bring within the scope of these requests ANY information that would not otherwise be deemed within their scope.

4.     "DOCUMENT(S)" shall mean AND include "writing," "recording," "photograph," "original," AND "duplicate" AND includes, without limitation, ANY tangible thing upon which ANY expression, communication OR representation has been recorded by ANY means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, audiotaping, magnetic impulse, OR mechanical OR electronic recording AND ANY nonidentical copies (whether different from the original because of notes made on such copies, because of indication that said copies were sent to different individuals than were the originals, OR because of ANY other reason), including but not limited to working papers, preliminary, intermediate OR final drafts, correspondence, memoranda, emails, charts, notes, scripts, records of ANY sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone OR other oral conversations, desk calendars, appointment books, audio OR video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, AND ALL other writings AND recordings of every kind that are in YOUR actual OR constructive possession, custody OR control.

5.    "RELATING TO" shall mean and include mentioning, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, responding to, depicting, connected with, embodying, evidencing, constituting, regarding, concerning, reporting OR involving an act, occurrence, event, transaction, fact, thing OR course of dealing.

6.    "YOU" AND "YOUR" shall mean the person subject to this subpoena as well as, without limitation, YOUR business, employer, employees, affiliates AND partners, and any other person acting on your behalf.

7.    The singular as used herein shall include the plural, AND vice versa.

## INSTRUCTIONS

1.    These requests for production require YOU to produce ALL DOCUMENTS AND tangible things that are in your actual OR constructive possession, custody OR control.

2.    These requests for production require the production of DOCUMENTS as they are kept in the usual course of business, OR organized OR labeled to correspond with the particular request for production.

3.    If YOU claim that ANY DOCUMENT that would be producible in response to ANY request for production may be withheld under the attorney-client privilege, the work product doctrine OR ANY other basis, state the following with respect to each DOCUMENT in order to permit adjudication of the validity of YOUR claim:

    (a)    the privilege asserted AND its basis;

    (b)    the nature of the DOCUMENT withheld (e.g., letter, memorandum, etc.);

    (c)    the title OR label of the DOCUMENT;

    (d)    the date of the DOCUMENT;

    (e)    the author(s) of the DOCUMENT;

    (f)    the identity of ALL persons who saw OR received the original OR copies of the DOCUMENT;

    (g)    the length of the DOCUMENT;

    (h)    the location of the original AND each copy of the DOCUMENT; AND

    (i)    the subject matter covered by the DOCUMENT.

4.    Where DOCUMENTS responsive to these requests for production have been lost OR destroyed, state the date of each DOCUMENT, the last known location of each DOCUMENT, the last person in custody OR control of the DOCUMENT, AND the reason for the loss OR destruction.

5.    DOCUMENTS called for by these requests for production include ALL DOCUMENTS pertaining to the indicated subject, regardless of whether a particular DOCUMENT has been superseded, amended, revised, rewritten, redrafted, rejected OR rendered obsolete.

## DOCUMENTS AND THINGS REQUESTED

DOCUMENT REQUEST NO. 1:

YOUR entire file(s) in this matter.

DOCUMENT REQUEST NO. 2:

ALL memoranda, testing protocols, test results, notes, comments, charts, databases, spreadsheets, demonstrative documents, margin notes OR markings on reviewed documents (including without limitation highlighting) RELATING TO the work, including without limitation YOUR preparation of ANY report, OR declaration in this matter.

DOCUMENT REQUEST NO. 3:

ALL memoranda, testing protocols, test results, notes, comments, charts, databases, spreadsheets, demonstrative documents, margin notes OR markings on reviewed documents (including without limitation highlighting) RELATING TO ANY opinions formed by YOU in this action, including without limitation ANY opinions earlier formed but which YOU have since rejected.

DOCUMENT REQUEST NO. 4:

ALL DOCUMENTS, materials AND things provided to YOU in this matter by EL AD RESIDENCES OR anyone else.

DOCUMENT REQUEST NO. 5:

ALL DOCUMENTS, materials AND things that YOU provided to EL AD RESIDENCES OR anyone else.

DOCUMENT REQUEST NO. 6:

ALL communications, including without limitation e-mail AND paper correspondence, between YOU AND EL AD RESIDENCES in this matter, including without limitation DOCUMENTS that reflect OR evidence communications, including notes RELATING TO meetings, telephone calls, AND notes to the file.

DOCUMENT REQUEST NO. 7:

ALL drafts AND working drafts, including ANY electronic versions, of ANY report OR declaration authored by YOU in this matter.

DOCUMENT REQUEST NO. 8:

ALL invoices for services, bills, AND statements generated by YOU in this matter.

DOCUMENT REQUEST NO. 9:

ALL DOCUMENTS reflecting OR evidencing ANY payments made by EL AD RESIDENCES to YOU in this matter.

DOCUMENT REQUEST NO. 10:

ALL DOCUMENTS showing ANY amounts YOU have been paid by EL AD RESIDENCES or its law firm or its lawyers in other, prior OR pending cases.

DOCUMENT REQUEST NO. 11:

ALL DOCUMENTS AND things relied upon by YOU in arriving at YOUR opinions in this matter.

DOCUMENT REQUEST NO. 12:

ALL DOCUMENTS AND things reviewed by YOU in arriving at YOUR opinions in this matter, regardless of whether OR not YOU relied upon them.

DOCUMENT REQUEST NO. 13:

ALL drafts of YOUR curriculum vitae generated within the past five years.

DOCUMENT REQUEST NO. 14:

ALL agreements, contracts, OR retainer agreements between YOU AND EL AD RESIDENCES in this matter.

DOCUMENT REQUEST NO. 15:

ALL test results obtained by YOU in this matter.

DOCUMENT REQUEST NO. 16:

ALL calculations done OR performed by YOU regarding this matter.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 09-60723-Civ-JORDAN/MCALILEY

EL-AD RESIDENCES AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC., a
Florida not-for-profit corporation,

           Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation, and WESTCHESTER
SURPLUS LINES INSURANCE COMPANY,
a foreign corporation,

           Defendants.

_____/

## MT. HAWLEY INSURANCE COMPANY'S
## NOTICE OF DEPOSITION OF ROBERT J. LeBLEU

To Plaintiff El-Ad Residences at Miramar Condominium Association, Inc.,

Defendant Westchester Surplus Lines Insurance Company, and their attorneys of record,

PLEASE TAKE NOTICE that Defendant MT. HAWLEY INSURANCE COMPANY

will take the deposition of Robert J. LeBleu, a Florida and Texas licensed professional

independent adjustor at Continental Reporting Service, 2455 Hollywood Boulevard, Suite

122, Hollywood, Florida 33020 on March 30, 2010 at 10:00 a.m. The deposition will be

taken before a videographer and certified court reporter duly authorized to administer an

oath, and will continue from day to day, Sundays and holidays excepted, until completed.

Dated:  March 5, 2010

MORISON HOLDEN DEREWETZKY
& PROUGH, LLP

By: _____
                    Brian E. Sims

MORISON HOLDEN DEREWETZKY & PROUGH, LLP
William C. Morison, Esq.  (Pro Hac Vice)
william.morison@mhdplaw.com
Michael D. Prough, Esq.  (Pro Hac Vice)
michael.prough@mhdplaw.com
Brian E. Sims, Esq.  (Pro Hac Vice)
brian.sims@mhdplaw.com
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596
Telephone:  (925) 937-9990
Facsimile:  (925) 937-3272

T. E. Tookey, P.A.
Thomas E. Tookey, Esq. FBN 99790
tetookeylaw@bellsouth.net
11776 West Sample Road, Suite 103
Coral Springs, FL 33065
Telephone:  (954)-344-4441
Fax:  (954) 344-4405

Attorneys for Mt. Hawley Insurance Company

144353

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Morison Holden Derewetzky & Prough, LLP,

located at 1550 Parkside Drive, Third Floor, Walnut Creek, California  94596-8068, am

over the age of 18 years and am not a party to this matter, action or proceeding.

On March 5, 2010, I served a copy of the following document(s):

MT. HAWLEY INSURANCE COMPANY'S NOTICE
OF DEPOSITION OF ROBERT J. LeBLEU

to the person(s) at the address(es) shown below:

Daniel S. Rosenbaum, Esq.
Mark Keegan, Esq.
KATZMAN, GARFINKEL,
   ROSENBAUM, LLP
250 Australian Avenue, Suite 500
West Palm Beach, FL 33401
*Attorneys for Plaintiff*
*EL-AD Residences at Miramar*
*Condominium Association, Inc.*

William S. Berk, Esq.
Melissa M. Sims, Esq.
Scott M. Janowitz, Esq.
BERK, MERCHANT & SIMS, P.C.
2100 Ponce De Leon Blvd., PH1
Coral Gables, FL 33134
*Attorneys for Defendant*
*General Star Indemnity Company*

Thomas E. Tookey, Esq.
T.E. TOOKEY, P.A.
11776 West Sample Road, Suite 103
Coral Springs, FL 33065
*Local counsel for Defendant*
*Mt. Hawley Insurance Company*

__XX__   **BY E- MAIL**: I caused the above-referenced document(s) to be e-mailed to the party(ies) as listed on this Proof of Service.  The transmission was reported as complete and no error was reported.

__XX__   **BY FACSIMILE**: I transmitted the above-referenced document(s) via facsimile to the party(ies) as listed on this Proof of Service.

__XX__   **BY U.S. MAIL**: I placed the document(s) or caused them to be placed, addressed to the person(s) to be served at the address(es) above, for collection and processing for mailing with the United States Postal Service in Walnut Creek, California.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 5, 2010, 2010 at Walnut Creek, California .

MORISON HOLDEN DEREWETZKY
   & PROUGH, LLP

Brian E. Sims (admitted pro hac vice)
1550 Parkside Drive, Third Floor
Walnut Creek, California 94596
Phone: (925) 937-9990
Fax:    (925) 937-3272

1

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EL-AD RESIDENCES AT MIRAMAR CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation<br>*Plaintiff*<br>v.<br>MT. HAWLEY INSURANCE COMPANY, a foreign corporation, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   09-CV-60723

(If the action is pending in another district, state where:

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Robert J. LeBleu, 5150 Windhammer Lane, Vero Beach, Florida 32966

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  See attached Exhibit "A"

| Place: Continental Reporting Service, 2455 Hollywood Boulevard, Suite 121, Hollywood, FL 33020 | Date and Time:<br><br>March 30, 2010, 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: _____

[ ] *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *Mar 5, 2010*

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature*<br>Brian Sims, Esq. (admitted pro hac vice) |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Mt. Hawley Insurance Company _____, who issues or requests this subpoena, are:

Brian E. Sims, Esq. (admitted pro hac vice), Morison Holden Derewetzky & Prough, LLP, 1550 Parkside Drive, Third Floor, Walnut Creek, CA 94596  T: (925) 937-9990  F: (925) 937-3272

AO-88A

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____0.00____ .

My fees are $ _____0.00___ for travel and $ ____0.00__ for services, for a total of $ _____0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____              _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*


                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>EXHIBIT "A"</u>

<u>DEFINITIONS</u>

Terms in these requests are defined as follows:

1.   "EL AD RESIDENCES" shall mean plaintiff El Ad Residences at Miramar Condominium Association, Inc. AND includes, without limitation, its officers, directors, employees, partners, attorneys (in house or outside counsel) corporate parents, subsidiaries OR affiliates.

2.   "ALL" shall mean "ANY," AND "ANY" shall mean "ALL," whenever such construction will serve to bring within the scope of these requests ANY information that would not otherwise be deemed within their scope.

3.   "AND" AND "OR" as used herein shall be construed both conjunctively AND disjunctively, AND each shall include the other whenever such construction will serve to bring within the scope of these requests ANY information that would not otherwise be deemed within their scope.

4.   "DOCUMENT(S)" shall mean AND include "writing," "recording," "photograph," "original," AND "duplicate" AND includes, without limitation, ANY tangible thing upon which ANY expression, communication OR representation has been recorded by ANY means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, audiotaping, magnetic impulse, OR mechanical OR electronic recording AND ANY nonidentical copies (whether different from the original because of notes made on such copies, because of indication that said copies were sent to different individuals than were the originals, OR because of ANY other reason), including but not limited to working papers, preliminary, intermediate OR final drafts, correspondence, memoranda, emails, charts, notes, scripts, records of ANY sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone OR other oral conversations, desk calendars, appointment books, audio OR video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, AND ALL other writings AND recordings of every kind that are in YOUR actual OR constructive possession, custody OR control.

5.     "RELATING TO" shall mean and include mentioning, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, responding to, depicting, connected with, embodying, evidencing, constituting, regarding, concerning, reporting OR involving an act, occurrence, event, transaction, fact, thing OR course of dealing.

6.     "YOU" AND "YOUR" shall mean the person subject to this subpoena as well as, without limitation, YOUR business, employer, employees, affiliates AND partners, and any other person acting on your behalf.

7.     The singular as used herein shall include the plural, AND vice versa.

### INSTRUCTIONS

1.     These requests for production require YOU to produce ALL DOCUMENTS AND tangible things that are in your actual OR constructive possession, custody OR control.

2.     These requests for production require the production of DOCUMENTS as they are kept in the usual course of business, OR organized OR labeled to correspond with the particular request for production.

3.     If YOU claim that ANY DOCUMENT that would be producible in response to ANY request for production may be withheld under the attorney-client privilege, the work product doctrine OR ANY other basis, state the following with respect to each DOCUMENT in order to permit adjudication of the validity of YOUR claim:

     (a)    the privilege asserted AND its basis;

     (b)    the nature of the DOCUMENT withheld (e.g., letter, memorandum, etc.);

     (c)    the title OR label of the DOCUMENT;

     (d)    the date of the DOCUMENT;

     (e)    the author(s) of the DOCUMENT;

     (f)    the identity of ALL persons who saw OR received the original OR copies of the DOCUMENT;

     (g)    the length of the DOCUMENT;

     (h)    the location of the original AND each copy of the DOCUMENT; AND

     (i)    the subject matter covered by the DOCUMENT.

4.      Where DOCUMENTS responsive to these requests for production have been lost OR destroyed, state the date of each DOCUMENT, the last known location of each DOCUMENT, the last person in custody OR control of the DOCUMENT, AND the reason for the loss OR destruction.

5.      DOCUMENTS called for by these requests for production include ALL DOCUMENTS pertaining to the indicated subject, regardless of whether a particular DOCUMENT has been superseded, amended, revised, rewritten, redrafted, rejected OR rendered obsolete.

## DOCUMENTS AND THINGS REQUESTED

### DOCUMENT REQUEST NO. 1:

YOUR entire file(s) in this matter.

### DOCUMENT REQUEST NO. 2:

ALL memoranda, testing protocols, test results, notes, comments, charts, databases, spreadsheets, demonstrative documents, margin notes OR markings on reviewed documents (including without limitation highlighting) RELATING TO the work, including without limitation YOUR preparation of ANY report, OR declaration in this matter.

### DOCUMENT REQUEST NO. 3:

ALL memoranda, testing protocols, test results, notes, comments, charts, databases, spreadsheets, demonstrative documents, margin notes OR markings on reviewed documents (including without limitation highlighting) RELATING TO ANY opinions formed by YOU in this action, including without limitation ANY opinions earlier formed but which YOU have since rejected.

### DOCUMENT REQUEST NO. 4:

ALL DOCUMENTS, materials AND things provided to YOU in this matter by EL AD RESIDENCES OR anyone else.

### DOCUMENT REQUEST NO. 5:

ALL DOCUMENTS, materials AND things that YOU provided to EL AD RESIDENCES OR anyone else.

DOCUMENT REQUEST NO. 6:

ALL communications, including without limitation e-mail AND paper correspondence, between YOU AND EL AD RESIDENCES in this matter, including without limitation DOCUMENTS that reflect OR evidence communications, including notes RELATING TO meetings, telephone calls, AND notes to the file.

DOCUMENT REQUEST NO. 7:

ALL drafts AND working drafts, including ANY electronic versions, of ANY report OR declaration authored by YOU in this matter.

DOCUMENT REQUEST NO. 8:

ALL invoices for services, bills, AND statements generated by YOU in this matter.

DOCUMENT REQUEST NO. 9:

ALL DOCUMENTS reflecting OR evidencing ANY payments made by EL AD RESIDENCES to YOU in this matter.

DOCUMENT REQUEST NO. 10:

ALL DOCUMENTS showing ANY amounts YOU have been paid by EL AD RESIDENCES or its law firm or its lawyers in other, prior OR pending cases.

DOCUMENT REQUEST NO. 11:

ALL DOCUMENTS AND things relied upon by YOU in arriving at YOUR opinions in this matter.

DOCUMENT REQUEST NO. 12:

ALL DOCUMENTS AND things reviewed by YOU in arriving at YOUR opinions in this matter, regardless of whether OR not YOU relied upon them.

DOCUMENT REQUEST NO. 13:

ALL drafts of YOUR curriculum vitae generated within the past five years.

DOCUMENT REQUEST NO. 14:

ALL agreements, contracts, OR retainer agreements between YOU AND EL AD RESIDENCES in this matter.

DOCUMENT REQUEST NO. 15:

    ALL test results obtained by YOU in this matter.

DOCUMENT REQUEST NO. 16:

    ALL calculations done OR performed by YOU regarding this matter.