UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60726-JORDAN/MCALILEY

EL-AD ENCLAVE AT MIRAMAR
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit corporation,

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation, and GENERAL STAR
INDEMNITY COMPANY, a foreign corporation,

    Defendants.

_____/

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY FOR ITS MOTION TO COMPEL DEFENANTS TO PAY EXPERT WITNESS FEES FOR THE DEPOSITION OF ROBERT LEBLEU (D.E. 151)

Plaintiff, EL-AD ENCLAVE AT MIRAMAR CONDOMINIUM ASSOCIATION, INC., by and through its undersigned counsel, hereby submits the following cases as supplemental authority for its Motion to Compel Defendants to Pay Expert Witness Fees for the Deposition of Robert LeBleu (D.E. 151):

Carpenters Local 140 Pension Fund v. Phillips, 2006 WL 3841801, *1 (M.D.Fla. 2006)(defendants were deemed to have no objection to relief requested in motion when they failed to file a response to a motion for sanctions);

Chandler v. R.J. Reynolds Tobacco Co., 2008 WL 4866070, *2 (M.D.Fla. 2008)(plaintiffs were deemed to have no objection to the relief sought in defendants' motions to dismiss where the plaintiffs failed to file a timely memorandum in opposition to defendants' motions).

Respectfully submitted,

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLLC
One Clearlake Centre
250 Australian Avenue South, Suite 500
West Palm Beach, Florida 33401
Telephone No. (561) 653-2900
Facsimile No. (561) 820-2542
rvaluntas@RMJSlaw.com
mkeegan@RMJSlaw.com

BY: /s/ Richard C. Valuntas
     MARK G. KEEGAN
     Florida Bar No. 503371
     RICHARD C. VALUNTAS
     Florida Bar No. 0151084

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY** that on September 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLLC
Counsel for Plaintiff
One Clearlake Centre
250 Australian Avenue South, Suite 500
West Palm Beach, Florida 33401
(561) 653-2900; Facsimile No. (561) 820-2542
rvaluntas@RMJSlaw.com
mkeegan@RMJSlaw.com

BY: /s/ Richard C. Valuntas
     MARK G. KEEGAN
     Florida Bar No. 503371
     RICHARD C. VALUNTAS
     Florida Bar No. 0151084

*(Service List Follows)*

***Service List:***

*Counsel for Mt. Hawley.*
Thomas E. Tookey, Esq.
tetookeylaw@bellsouth.net
T.E. TOOKEY P.A
11776 W. Sample Rd., Ste 103
Coral Springs, Florida 33065-3159
(954) 344-4441; fax (954) 344-4405

*Counsel for Mt. Hawley*
Brian E. Sims, Esq.
Michael D. Prough, Esq.
William C. Morison, Esq.
Pro Hac Vice
Brian.sims@mhpdlaw.com
Michael.prough@mhpdlaw.com
wcm@mhpdlaw.com
MORISON HOLDEN DEREWETZKY &
PROUGH, LLP
1550 Parkside Drive, Third Floor
Walnut Creek, CA 94596-8068
(925) 937-9990; fax (925) 937-3272

*Counsel for Mt. Hawley*
Cortland Putbrese, Esq.
Pro Hac Vice
Cortland.putbrese@mhdplaw.com
MORISON HOLDEN DEREWETZKY &
PROUGH, LLP
600 East Main Street, Suite 2030
Richmond, VA 23219
(804) 212-1515; fax (804) 343-0913

2066915

*Counsel for General Star Indemnity Co. &
Westchester*
William S. Berk, Esq.
Wberk@berklawfirm.com
Melissa M. Sims, Esq.
msims@berklawfirm.com
Scott M. Janowitz, Esq.
sjanowitz@berklawfirm.com
BERK, MERCHANT & SIMS, PLC
2100 Ponce De Leon Blvd., Ph-1
Coral Gables, Florida 33134
(786) 338-2876; fax (786) 338-2900

Westlaw.

Not Reported in F.Supp.2d, 2006 WL 3841801 (M.D.Fla.)
(Cite as: 2006 WL 3841801 (M.D.Fla.))

C

Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Tampa Division.
CARPENTERS LOCAL 140 PENSION FUND, et al., Plaintiffs,
v.
Timothy PHILLIPS and Katricia Phillips d/b/a Phillips Creative Installations, Defendants.
No. 8:05-CV-2202-T-17EAJ.

Dec. 5, 2006.

W. Eric Venable, W. Eric Venable, P.A., Tampa, FL, for Plaintiffs.

Timothy Phillips, Lake Mary, FL, pro se.

***ORDER***

ELIZABETH A. JENKINS, United States Magistrate Judge.

*1 Before the court is Plaintiffs' **Motion for Sanctions** (Dkt.12), filed September 18, 2006. Defendants have not filed a response as of the date of this order and the period for responding has elapsed. *See* Local Rule 3.01(b), M.D. Fla.

Plaintiffs move to sanction Defendants for failure to comply with this court's order of August 1, 2006 (Dkt.9). On July 10, 2006, Plaintiffs filed their initial motion to compel after Defendants failed to respond to Plaintiffs' request for production of documents and failed to appear for their properly noticed depositions on June 20, 2006. Defendants did not respond to Plaintiffs' motion, and this court ordered Defendants to appear for deposition and to produce the requested documents on August 17, 2006, at the office of Plaintiffs' counsel (Dkt.12).

In violation of this court's order, Defendants failed to appear for the deposition scheduled for August 17, 2006. Plaintiffs request that the court impose the following sanctions against Defendants: striking all pleadings filed by Defendants and allowing Plaintiffs to proceed to a default judgment, and finding Defendants in civil contempt in order to coerce Defendants to comply with Plaintiffs' discovery request. As noted above, Defendants have failed to file a response to the motion; therefore, Plaintiffs are deemed to have no objection to the relief requested.

**I. Civil Contempt**

Civil contempt is a mechanism designed to coerce compliance with court orders. *In re Lawrence,* 279 F.3d 1294, 1300 (11th Cir.2002). Appropriate sanctions for civil contempt include: 1) coercive fines; 2) compensatory fines; 3) attorneys' fees and costs; and 4) coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir.1991). Further, "a district court may not use the civil contempt power to impose what amounts to a punitive or criminal contempt sanction." *United States v. City of Miami,* 195 F.3d 1292, 1298 (11th Cir.1999).

Plaintiffs argue that Defendants should be held in contempt for violating the court's August 1, 2006 order (Dkt.9) because none of the sanctions available under Rule 37, Fed.R.Civ.P., are likely to cause Defendants to comply with the requested discovery. Plaintiffs assert that because they still need access to the documents and testimony requested in order to proceed to default judgment, a civil contempt sanction would have an appropriate purpose of coercing Defendants to comply with proper discovery requests.

Holding a party in civil contempt requires the court to determine whether there is clear and convincing evidence that "1) the allegedly violated order was valid and lawful; 2) that the order was clear, definite, and unambiguous; and 3) that the alleged viol-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 3841801 (M.D.Fla.)
(Cite as: 2006 WL 3841801 (M.D.Fla.))

Page 2

ator had the ability to comply with the order." *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir.2000) (citation and quotations omitted).

The court's order of August 1, 2006 was clear and unambiguous-it required Defendants to appear for deposition and produce the requested documents on August 17, 2006 (Dkt.9). Considering the severity of a finding of contempt and that Defendants have not filed a response to th instant motion for sanctions, the court finds it appropriate to order Defendants to show cause within ten (10) days why they should not be held in civil contempt of court for failure to comply with the court's order of August 1, 2006 (Dkt.9). Defendants are cautioned that although they are proceeding *pro se,* they are still required to comply with the Federal Rules of Civil Procedure and with this court's discovery orders. *See Morton v. Harris,* 628 F.2d 438, 440 (5th Cir. Unit B 1980).[FN1] A failure to respond to this court's order to show cause will be considered clear and convincing evidence that Defendants had the ability to comply with the court order and failed to do so.

> FN1. All decisions by the Fifth Circuit prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) *(en banc ).*

## II. Striking Defendants' Pleadings

*\*2* The trial court has discretion in imposing sanctions for a party's failure to cooperate in discovery. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987) (citations and quotations omitted). A party must submit to a properly noticed deposition by the opposing party, which Defendants have twice failed to do. *See* Fed.R.Civ.P. 30(a)(1). Rule 37(d), Fed.R.Civ.P., allows the court to strike pleadings and render default judgment against a party who fails to attend a properly notice deposition or who fails to respond to a proper request for production of documents pursuant to Rule 34. While strict adherence to Rule 37 is necessary in order to "prevent parties 'from flouting discovery orders,' " *Id.* (citations and quotations omitted), the decision to enter default judgment "ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.,* 126 F.3d 1314, 1317 (11th Cir.1997) (citations and quotations omitted).

Here, Defendants have failed to appear for a properly noticed deposition, failed to respond to Plaintiffs' request for production of documents, and failed to appear for a second scheduled deposition ordered directly by the court. Furthermore, Defendants have failed to provide justification for their failure to comply. *See Sutherland v. Mesa Air Group, Inc.,* No. 98-10061-CIV, 2003 WL 21402549 (S.D. Fla. June 6, 2003) (non-moving party must prove that it was impossible to comply and that all reasonable efforts were made to comply with the court's order once the moving party makes a prima facie showing that the other party violated the court's discovery order) (citations omitted). Because the decision to enter default judgment is a "last resort," the court finds it appropriate to order Defendants to show cause within ten (10) days of the date of this order why their pleadings should not be stricken and Plaintiffs allowed to proceed to default judgment. Defendants are cautioned that if they fail to respond to this court's order, their pleadings will be stricken without further notice.

The court finds at this juncture, however, that monetary sanctions against Defendants pursuant to Rule 37(a)(4) and Rule 37(b)(2) for attorneys' fees and costs incurred by Plaintiffs in preparing for and attending two depositions, as well as for bringing the motion to compel, are more than appropriate; they are required.[FN2] The parties are directed to confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with Plaintiffs' counsel prosecuting the successful mo-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 3841801 (M.D.Fla.)
(Cite as: 2006 WL 3841801 (M.D.Fla.))

tion to compel (Dkt.7), and Plaintiffs' costs and attorneys' fees in preparing for and attending the June 20, 2006 and August 17, 2006 depositions. If the parties reach an agreement, Plaintiffs' counsel is directed to inform the court of such agreement. If the parties are unable to reach an agreed sum by December 20, 2006, Plaintiffs' counsel shall file an affidavit detailing the reasonable attorneys' fees and costs incurred in prosecuting the motion to compel (Dkt.7) and Plaintiffs' attorneys fees and costs incurred in preparing for and attending the two depositions. Plaintiffs' counsel is also directed to submit time sheets verifying the fees claimed. Defendants shall have ten (10) days to object to the fees outlined in Plaintiffs' counsel's affidavit, and this court shall resolve any dispute regarding the reasonable fees claimed by Plaintiffs' counsel.

> FN2. Rule 37(a)(4) specifically states, "If the motion [to compel] is granted ... the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4).
>
> In addition, Rule 37(b)(2) authorizes the court to award attorneys' fees and reasonable expenses for Defendants' failure to comply with this court's order of August 1, 2006 (Dkt.9). *See* Fed.R.Civ.P. 37(b)(2).

\*3 It is therefore **ORDERED** and **ADJUDGED**:

(1) Plaintiffs' **Motion for Sanctions** (Dkt.12) is **GRANTED IN PART** as consistent with the foregoing.

(2) Plaintiffs' attorneys' fees and costs incurred in prosecuting the successful motion to compel (Dkt.7) and in preparing for and attending the June 20, 2006 and August 17, 2006 depositions shall be taxed against Defendants as consistent with the foregoing.

(3) **RULING IS DEFERRED** as to the issues of holding Defendants in civil contempt and striking Defendants' pleadings. Defendants are **ORDERED** to show cause in writing within ten (10) days of the date of this order why they have failed to cooperate in discovery and failed to comply with this court's order, and shall state any reasons why they should not be further sanctioned under Rule 37, Fed.R.Civ.P., or otherwise. Defendants are cautioned that failure to respond to this court's order will result in sanctions without further notice to Defendants.

**DONE** and **ORDERED**.

M.D.Fla.,2006.
Carpenters Local 140 Pension Fund v. Phillips
Not Reported in F.Supp.2d, 2006 WL 3841801 (M.D.Fla.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 4866070 (M.D.Fla.)
(Cite as: 2008 WL 4866070 (M.D.Fla.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Tampa Division.
Mary CHANDLER (Individually) and Mary Chandler as Personal Representative of the Estate of Raymond Chandler, Plaintiff,
v.
R.J. REYNOLDS TOBACCO COMPANY, a foreign corporation; BP America Inc., a foreign corporation; Publix Super Markets, Inc., a Florida corporation; Winn-Dixie Stores, Inc., a Florida corporation, Defendant.
No. 8:08-cv-1799-T-33EAJ.

Nov. 10, 2008.

J. Troy Andrews, John W. Andrews, Andrews Law Group, Tampa, FL, for Plaintiff.

Benjamin H. Hill, III, Robert Craig Mayfield, Troy A. Fuhrman, Hill Ward Henderson, Tampa, FL, John Fachet Yarber, Stephanie E. Parker, Jones Day, Atlanta, GA, Guy E. Motzer, Squire, Sanders & Dempsey, LLP, West Palm Beach, FL, James H. Post, Smith, Hulsey & Busey, Jacksonville, FL, for Defendant.

*ORDER*

VIRGINIA M. HERNANDEZ COVINGTON, District Judge.

*1 This matter comes before the Court upon consideration of the report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 23), filed on October 14, 2008, recommending that defendant Publix Super Markets, Inc.'s motion to dismiss (Doc. # 8) and defendant BP America Inc.'s motion to dismiss (Doc. # 12) be granted. In her report and recommendation, Judge Jenkins recommends that the motions be granted as unopposed because Mary Chandler has not filed a response. (Doc. # 23.) No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir.1982), *cert. denied,* 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, *Garvey v. Vaughn,* 993 F.2d 776, 779 n. 9 (11th Cir.1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.,* 37 F.3d 603, 604 (11th Cir.1994); *Castro Bobadilla v. Reno,* 826 F.Supp. 1428, 1431-32 (S.D.Fla.1993), *aff'd,* 28 F.3d 116 (11th Cir.1994).

The Court has conducted an independent examination of the file and upon due consideration of the report and recommendation, the Court accepts the report and recommendation of Magistrate Judge Jenkins.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation (Doc. # 23) is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

(2) Defendant Publix Super Markets, Inc.'s motion to dismiss (Doc. # 8) is **GRANTED.**

(3) Defendant BP America Inc.'s motion to dismiss (Doc. # 12) is **GRANTED.**

(4) Defendants BP America Inc. and Publix Su-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4866070 (M.D.Fla.)
**(Cite as: 2008 WL 4866070 (M.D.Fla.))**

per Markets, Inc. are hereby **DISMISSED** from this case.

(5) The clerk is directed to terminate any previously scheduled deadlines and pending motions related to defendants BP America Inc. and Publix Super Markets, Inc.

**DONE** and **ORDERED.**

### *REPORT AND RECOMMENDATION*

ELIZABETH A. JENKINS, United States Magistrate Judge.

Before the court are **Defendant's Publix Super Markets, Inc.'s Motion to Dismiss** (Dkt.8) filed on September 15, 2008, and **Defendant's BP America Inc.'s Motion to Dismiss** filed on September 17, 2008 (Dkt.12).[FN1] For the reasons set forth below, it is recommended that Defendants' motions be granted.

> FN1. The district judge referred these matters for a report and recommendation (Dkts.10, 16). *See* 28 U.S.C. § 636(c); Local Rules 6.01(b) and (c), M.D. Fla.

Plaintiffs filed suit against Defendant Publix Super Markets, Inc. ("Publix") and Defendant BP America Inc.'s ("BP America") in state court on January 9, 2008 (Dkt.1). The case was removed to this court on September 11, 2008. In their complaint, Plaintiffs assert personal injury and wrongful death claims against Publix and BP America arising from their sale of tobacco products to Plaintiffs (Dkt.2). Plaintiffs allege that Raymond Chandler ("Decedent") died on or about March 11, 2004 (Dkt. 2 at 1). In addition, Plaintiff allege that Mary Chandler suffers from smoking related diseases, which manifested themselves on or before November 21, 1996 (Dkt. 2 at 8).

*2 Defendants filed motions to dismiss asserting, without contradiction, that Plaintiffs' claims are time-barred and subject to dismissal based upon the applicable statutes of limitations (Dkts .8, 12). Furthermore, Defendants contend that Plaintiffs' claim for damages are subject to dismissal for failure to state a claim for which relief may be granted (*Id.*).

Plaintiffs' response to Publix's motion to dismiss was due on October 2, 2008. Plaintiffs' response to BP America's motion to dismiss was due on October 6, 2008. To date, Plaintiffs have failed to file timely memorandum in opposition to the relief sought within the time allotted by Local Rule 3.01(b), M.D. Fla., and are therefore deemed to have no objection.

Upon consideration, it is **RECOMMENDED** that **Defendant Publix's Motion to Dismiss (Dkt.8)** and **Defendant BP America's Motion to Dismiss (Dkt.12) be GRANTED.**

M.D.Fla.,2008.
Chandler v. R.J. Reynolds Tobacco Co.
Not Reported in F.Supp.2d, 2008 WL 4866070 (M.D.Fla.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.